UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 7

Betty Mae Thompson,                                 Case No. 11-70219

    Debtor.                                         Hon. Phillip J. Shefferly
_____/

**ORDER DENYING MOTION TO WAIVE BUDGET AND
CREDIT COUNSELING AND DISMISSING CHAPTER 7 CASE**

      On November 23, 2011, the Debtor filed this Chapter 7 case pro se. On the same day, the Debtor filed a motion to "waive the credit course" (docket entry no. 4). The motion alleges that the Debtor did not have the time to take the required budget and credit counseling course because the Debtor was losing possession of her home and needed to file the bankruptcy case because of this emergency. In paragraph 3 of the motion, the Debtor requests that she be permitted to "take the Credit Course after filing," but in the wherefore clause of the motion, the Debtor requests that the Court "waive the Credit Course after filing." The Debtor filed a certificate of service (docket entry no. 5) stating that she served the motion upon two individuals, Christine Taylor and Charles Cooper. A review of the file shows that no further action has been taken by the Debtor with respect to the motion.

      Section 109(h)(1) of the Bankruptcy Code provides that an individual may not be a debtor in a bankruptcy case unless such individual has during the 180-day period preceding the date of filing of the bankruptcy petition taken a course in budget and credit counseling from an approved nonprofit budget and credit counseling agency. Section 109(h)(2), (3) and (4) of the Bankruptcy

Code establish three exceptions to this requirement. Unfortunately, none of those exceptions apply to this case.

Section 109(h)(2) provides an exception for a debtor who resides in a district for which the United States Trustee determines that the approved nonprofit budget and credit counseling agencies are not reasonably able to provide adequate services to the individuals seeking budget and credit counseling services. The Eastern District of Michigan is not such a district.

Section 109(h)(3)(A) of the Bankruptcy Code provides for a deferment of the budget and credit counseling course, but only where a debtor establishes that: (i) exigent circumstances merit a waiver of this requirement; (ii) the debtor has requested credit counseling services from an approved agency, but was unable to obtain the services within 7 days of making the request; and (iii) the certification is satisfactory to the Court. If each of the circumstances described in § 109(h)(3)(A) of the Bankruptcy Code is established, then § 109(h)(3)(B) of the Bankruptcy Code provides for a 30 day deferment of the budget and credit counseling requirement after the bankruptcy petition is filed. Section 109(h)(3)(B) of the Bankruptcy Code also provides that the 30 day deferment may be extended for up to an additional 15 days, but only upon a demonstration of cause.

The Debtor's motion in this case alleges that the Debtor did not have time to take the budget and credit counseling course because she was in danger of losing possession of her home. This fact may establish exigent circumstances. However, the Debtor's motion does not state that the Debtor requested budget and credit counseling services but was unable to obtain those services during the 7 day period beginning on the date the Debtor made the request. Therefore, one of the circumstances necessary to obtain a 30 day deferment under § 109(h)(3)(A) of the Bankruptcy Code

has not been shown by the Debtor. Further, even if the Court were to conclude that the Debtor has met her burden to show each of the circumstances under § 109(h)(3)(A) of the Bankruptcy Code, the 30 day deferment permitted by § 109(h)(3)(B) of the Bankruptcy Code would have expired on December 23, 2011. The Debtor has made no attempt to show cause to order an additional 15 days under § 109(h)(3)(B) of the Bankruptcy Code. Therefore, to the extent that the Debtor's motion seeks a deferment of the requirement to obtain a certificate of budget and credit counseling course under § 109(h)(1) of the Bankruptcy Code, it must be denied, because it does not meet the requirements of § 109(h)(3)(A) of the Bankruptcy Code.

Section 109(h)(4) of the Bankruptcy Code authorizes the Court not just to defer but to waive entirely the requirement of a budget and credit counseling course, but only where there is a demonstration that the debtor is unable to complete the requirements of the budget and credit counseling course because of incapacity, disability, or active military duty in a military combat zone. Although the Debtor states in her motion that she is disabled, § 109(h)(4) defines "disability" as meaning "that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under [§ 109(h)(1)]." The Debtor's motion does not demonstrate that she meets this definition of being disabled, or that she meets any of the other circumstances demonstrating her inability to complete the requirements of a budget and credit counseling course. Therefore, the Debtor is not entitled to a waiver of the requirement of budget and credit counseling under § 109(h)(4) of the Bankruptcy Code. Further, the Court notes that the Debtor's motion was not filed and served upon all parties in interest in this case in the manner required by Local Bankruptcy Rule 1007-6(c) for a motion under § 109(h)(4) of

the Bankruptcy Code. To the extent that the Debtor's motion is filed under § 109(h)(4) of the Bankruptcy Code, it must be denied.

The Bankruptcy Appellate Panel for the Sixth Circuit in In re William Warren Ingram, __ B.R. __, 2011 WL 6288392, at *5 (B.A.P. 6th Cir. Dec. 16, 2011) recently affirmed the dismissal of a bankruptcy case in which the debtor had not completed a budget and credit counseling course before filing a bankruptcy petition and did not qualify for an exception to the requirement junder § 109(h) of the Bankruptcy Code. The holding of that case applies to this case as well.

> The requirements of § 109(h) are clear and unambiguous. As such, the bankruptcy court, except in the limited circumstances set forth in § 109(h)(2), (3), and (4) which were not present here, did not have discretion to ignore, modify, or defer the requirements of § 109(h)(1). Compliance with § 109(h) is a prerequisite to obtaining relief under the Bankruptcy Code. By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless he has complied with § 109(h).

Because the Debtor did not comply with the requirements of § 109(h) of the Bankruptcy Code, or qualify for a deferral or waiver of such requirements, she is not eligible to be a debtor. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's motion to "waive the credit course" (docket entry no. 4) is denied.

**IT IS FURTHER ORDERED** that this Chapter 7 case is dismissed.

.

**Signed on January 03, 2012**

                                          **  /s/ Phillip J. Shefferly**
                                          **Phillip J. Shefferly**
                                          **United States Bankruptcy Judge**